IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
NEWPORT NEWS DIVISION



UNITED STATES OF AMERICA,

v.   CRIMINAL NO. 4:13cr110

KELVIN BROWN,
A/K/A DOOM,

    Defendant.

### OPINION AND ORDER DENYING DEFENDANT'S MOTION IN LIMINE TO DISMISS CHARGES

This matter comes before the Court upon Kelvin Brown's ("Defendant") Motion in Limine to Dismiss Charges ("Motion to Dismiss"), arguing that the charges against him must be dismissed as vindictive prosecution, selective prosecution, and/or prosecutorial misconduct. ECF No. 122. For the reasons set forth herein, the instant Motion to Dismiss is **DENIED**.

I.   PROCEDURAL AND FACTUAL BACKGROUND

The Defendant was indicted on five counts by a Grand Jury on November 14, 2013: (1) conspiracy to possess with intent to distribute, distribute, and manufacture 280 grams or more of cocaine base and to possess with intent to distribute and distribute marijuana, in violation of 21 U.S.C. § 846; (2) distribution of cocaine, in violation of 21 U.S.C. § 841(a)(l) and (b)(l)(C); (3) possession with intent to distribute cocaine, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C); (4) possession of a firearm in a drug trafficking crime, in violation of 18 U.S. C. § 924(c); and (5) felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). ECF No. 1. Related charges against three co-defendants—Goddience L. Mills, Bernard Alonzo Lewis, and Tasha Banks—were returned in the same indictment. Id.

At the Defendant's arraignment on November 26, 2013, he expressed a desire to

1

represent himself; the Court appointed an attorney, Adam Carroll, to speak with the Defendant and continued the matter. ECF No. 34. On December 2, 2013, the Defendant was thoroughly questioned by Magistrate Judge Tommy Miller regarding his representation. ECF No. 37. The Defendant ultimately agreed to have Mr. Carroll appointed as his attorney. Id. Shortly after these hearings, two co-defendants in the case pled guilty: Tasha Banks on December 17, 2013, ECF No. 42, and Bernard Alonzo Lewis on January 8, 2014, ECF No. 51.

A superseding indictment was returned against the Defendant, his remaining alleged co-conspirator (Goddience L. Mills), and a new alleged co-conspirator, Dwight Pender, on January 13, 2014. ECF No. 54. This superseding indictment, in addition to charging the Defendant with all the same crimes as contained in the original indictment, also alleged that the Defendant was guilty of conspiracy to distribute and possess with the intent to distribute heroin, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C); a second count of possession of a firearm in a drug trafficking crime, in violation of 18 U.S.C. § 924(c); distribution of 28 grams or more of cocaine base, in violation of 21 U.S.C. § 841 (a)(1) and (b)(1)(B)(iii); and a second count of distribution of cocaine, in violation of 21 U.S.C. § 841 (a)(1) and (b)(1)(C). Id. The superseding indictment also extended back the date the conspiracy was alleged to have begun—from about 2006 in the original indictment to about 2000 in the superseding indictment—and also alleged new overt acts in support of the conspiracy. Id.

On March 4, 2014, during a motion hearing in the case, the Defendant stated to the Court that he wanted to represent himself. ECF No. 89. The undersigned explained the consequences of such a decision, and gave the Defendant a week to make a final decision. Id. At a status conference on March 10, 2014, the Defendant affirmed to the Court that after giving the matter due consideration, he did want to proceed pro se. The undersigned granted his request and

appointed Mr. Carroll as standby counsel. Ord., ECF No. 111.

On March 28, the Defendant filed the instant Motion to Dismiss arguing that the superseding indictment amounts to vindictive prosecution, prosecutorial misconduct, and/or selective prosecution—in sum, an attempt to punish him for exercising his right to trial and right to represent himself. Mot. to Dismiss 1, ECF No. 122. The Government responded on April 7, 2014. ECF No. 129. The deadline for the Defendant to reply, April 14, 2014, has passed without any new filings on this motion. The matter is now ripe for decision.

## II. LEGAL STANDARD

### A. VINDICTIVE PROSECUTION

Vindictive prosecution, defined as punishing a criminal defendant "for exercising a protected statutory or constitutional right," is a violation of due process. United States v. Goodwin, 457 U.S. 368, 372, 373–74 (1982). The right to a trial and the right to represent oneself are constitutional rights. U.S. Const. amend. VI; Adams v. U.S. ex rel McCann. 317 U.S. 269, 279 (1942). A defendant may prove actual prosecutorial vindictiveness with objective evidence that "(1) the prosecutor acted with genuine animus toward the defendant and (2) the defendant would not have been prosecuted but for that animus." United States v. Wilson, 262 F.3d 305, 314 (4th Cir. 2001). However, since "[m]otives are complex and difficult to prove," the Supreme Court has held that in some cases, an improper vindictive motive may be presumed when a prosecutor acts to the detriment of the defendant after he has exercised a legal right. Goodwin, 457 U.S. at 373. Such a presumption may be made "only in cases in which a reasonable likelihood of vindictiveness exists." Id.; United States v. Perry, 335 F.3d 316, 324 (4th Cir. 2003).

The typical case where such a reasonable likelihood of vindictiveness exists (and thus gives rise to a presumption thereof) is when a defendant is charged with more serious crimes

3

after a successful appeal grants him a new trial. See, e.g., Blackledge v. Perry, 417 U.S. 21, 28–29 (1974) (finding it constitutionally impermissible for the state to bring a more serious charge against a defendant after a new trial was ordered on appeal). In fact, the Fourth Circuit has held that it is rare that such a presumption would be appropriate outside that context. Perry, 335 F.3d at 324 ("[A] presumption of prosecutorial vindictiveness is generally warranted only in a post-conviction setting, such as when a defendant successfully attacks his conviction on appeal and then receives a harsher sentence on re-trial."); see also United States v. Fiel, 35 F.3d 997, 1007 (4th Cir. 1994) ("The presumption generally arises where the defendant is reindicted after she exercises her legal right to a trial de novo or following her successful post-conviction appeal.")

In the pre-trial context, on the other hand, courts have been "extremely cautious in applying the presumption" of improper vindictive motive. Perry, 335 F.3d at 324. The Supreme Court held that such a presumption does not arise when the Government carries through on a threat made during plea negotiations to file additional charges if the defendant rejects the proffered plea bargain. Bordenkircher v. Hayes, 434 U.S. 357, 363 (1978). The Fourth Circuit has flatly stated that "[i]f a prosecutor brings additional charges after a defendant refuses to accept a plea bargain, a court cannot presume that the additional charges are an impermissible penalty for the defendant's refusal." United States v. Williams, 47 F.3d 658, 661 (4th Cir. 1995) (emphasis added).

Without more, a prosecutor's decision to increase the charges against a defendant in the pre-trial context simply cannot give rise to a presumption of prosecutorial vindictiveness because it does not give rise to a "realistic likelihood of vindictiveness." United States v. Meyer, 810 F.2d 1242, 1246 (D.C. Cir. 1987) ("The lesson of Goodwin is that proof of a prosecutorial decision to increase charges after a defendant has exercised a legal right does not alone give rise to a

presumption in the pretrial context.").

### B. PROSECUTORIAL MISCONDUCT

Prosecutorial misconduct may result in the reversal of a verdict. There are two components to the test for determining whether prosecutorial misconduct has occurred: "(1) the prosecutor's remarks and conduct must in fact have been improper, and (2) such remarks or conduct must have prejudicially affected the defendant's substantial rights so as to deprive the defendant of a fair trial." United States v. Golding, 168 F.3d 700, 702 (4th Cir. 1999) (quoting United States v. Chorman, 910 F.2d 102, 113 (4th Cir.1990)).

### C. SELECTIVE PROSECUTION

A selective prosecution claim is an assertion, independent of the merits of the defense, "that the prosecutor has brought the charge for reasons forbidden by the Constitution." United States v. Armstrong, 517 U.S. 456, 463 (1996). Prosecutors have broad discretion in their decisions regarding whom to charge with crimes, and there exists a background presumption of regularity in such decisions. Id. at 464. This discretion is subject to constitutional constraints, though, such as the equal protection component of the Due Process Clause of the Fifth Amendment. Id. Thus, "the decision whether to prosecute may not be based on 'an unjustifiable standard such as race, religion, or other arbitrary classification.'" Id. (quoting Oyler v. Boles, 368 U.S. 448, 456 (1962)). In order to overcome the presumption that a specific prosecution is proper, "a criminal defendant must present 'clear evidence to the contrary.'" Id. (quoting United States v. Chemical Foundation, Inc., 272 U.S. 1, 14–15 (1926)).

## III. DISCUSSION

The Defendant argues that the charges against him are the result of vindictive and selective prosecution, and that they also amount to prosecutorial misconduct. These claims lack merit.

### A. NO EVIDENCE OF VINDICTIVE PROSECUTION IN THIS CASE

The Defendant has no evidence of actual vindictiveness on the part of the prosecutor in this case. He can point to no objective evidence that the Assistant United States Attorney has acted with genuine animus towards him, much less that he would not have been prosecuted without such animus. United States v. Wilson, 262 F.3d 305, 314 (4th Cir. 2001).

A presumption of vindictiveness is also unavailable in the Defendant's situation. The facts are that the Government indicted the Defendant on various drug and weapons charges, the Defendant rejected a plea deal, and then the Government filed a superseding indictment adding further charges against the Defendant and a new co-defendant to the case. Without more, this court is directly bound by Fourth Circuit precedent that squarely holds that such facts cannot support a presumption of vindictiveness. United States v. Williams, 47 F.3d 658, 661 (4th Cir. 1995). The Defendant cannot point to his choice to exercise his right to represent himself as a contributing factor to the allegedly vindictive superseding indictment because, although he initially expressed a desire to proceed pro se at his arraignment, he chose to be represented by counsel until two months after the superseding indictment against him was filed.

There is no objective evidence of actual vindictiveness and the facts in this case do not support a presumption thereof. The Defendant's Motion to Dismiss cannot be granted on grounds of vindictive prosecution.

### B. PROSECUTORIAL MISCONDUCT HAS NOT OCCURRED

As discussed above, there is no evidence of improper conduct on the part of the prosecutor in this case. Further, a claim of prosecutorial misconduct is not applicable because it is a remedy for verdicts that have been reached via improper prosecutorial methods. In the instant case, no trial has occurred and thus no verdict has been returned, making this claim inapplicable at this stage of the proceeding.

C.     DEFENDANT'S SELECTIVE PROSECUTION CLAIM IS NOT SUBSTANTIATED

Finally, the Defendant claims that he was selectively prosecuted for exercising his right to proceed to trial rather than accept the Government's plea offer. To the extent that the Defendant is arguing that he is being improperly punished for exercising this constitutional right, this claim is properly cast as one of vindictive prosecution, discussed above. To the extent that the Defendant is arguing that the choice to prosecute him was based on his race, religion, or any other arbitrary classification, he has not shown any evidence to rebut the presumption of regularity that a prosecutor's decisions are afforded.

IV.     CONCLUSION

The Defendant's claims of vindictive prosecution, prosecutorial misconduct, and selective prosecution all lack merit. Therefore, the Defendant's instant Motion to Dismiss is **DENIED**.

The Clerk is **DIRECTED** to forward a copy of this Order to all Counsel of Record.

**IT IS SO ORDERED.**

/s/
Robert G. Doumar
Senior United States District Judge

UNITED STATES DISTRICT JUDGE

Norfolk, VA
April 22, 2014